**HUNTON ANDREWS KURTH LLP**
EMILY BURKHARDT VICENTE (State Bar No. 263990)
ebvicente@HuntonAK.com
SONYA D. GOODWIN (State Bar No. 281005)
sgoodwin@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  213 • 532 • 2000
Facsimile:  213 • 532 • 2020

Attorneys for Defendant
CINEMARK USA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MADISON KLEINE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CINEMARK USA, INC., a Texas corporation; NICHOLAS STONER, an Individual; and DOES 1 THROUGH 10, inclusive<br><br>Defendants. | Case No.:<br><br>[Removal from San Bernardino County Superior Court Case No. CIVDS1825602]<br><br>**DEFENDANT CINEMARK USA, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**<br><br>[Filed Concurrently with Civil Cover Sheet, Corporate Disclosure Statement, Notice of Interested Parties, Notice of Consent of Nicholas Stoner, and Compendium of Evidence]<br><br>First Amended Complaint Filed:  April 29, 2019 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Cinemark USA, Inc. ("Cinemark") hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the state court action described below.[1] In support thereof, Cinemark states as follows:

On September 28, 2018, Plaintiff Madison Kleine ("Plaintiff") commenced this action by filing a Complaint in the Superior Court for the State of California, County of San Bernardino, as Case No. CIVDS1825602, *Madison Kleine vs. Cinemark USA, Inc., a Texas Corporation; Century Theatres, Inc., a California corporation; and Does [1] through 10, inclusive* (the "Action"). The Complaint named only Cinemark USA, Inc. and Century Theatres, Inc. as defendants.

On October 17, 2018, Plaintiff served the Summons and Complaint on Defendants Cinemark and Century. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint are attached to the Compendium of Evidence ("COE") as **Exhibit A-1**.[2]

On November 15, 2018, Defendants removed the case to federal court on diversity jurisdiction grounds and argued that Defendant Century was fraudulently joined. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Notice of Removal is attached to the COE as **Exhibit B-1**.

Plaintiff agreed to dismiss Defendant Century from the Action, as it was improperly joined, but sought leave to amend the Complaint to add Nicholas Stoner, as an individual Defendant, and contemporaneously filed a motion to remand the case to state court on grounds Mr. Stoner destroyed diversity because Plaintiff alleged he was a California resident. *See* First Amended Complaint ("FAC") ¶ 4, attached to the COE as **Exhibit C-7**. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the

---

[1] Defendant Nicholas Stoner consents to removal of this Action to this Court.
[2] All Exhibits and Declarations are attached to the COE, filed concurrently herewith.

1

DEFENDANT CINEMARK USA, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

Motion for Leave to Amend and Motion to Remand are attached to the COE as **Exhibits B-20** and **B-24**.

This Court granted Plaintiff's motion to amend and remanded the case to state court on February 25, 2019. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Order is attached to the COE as **Exhibit B-35**.

In state court, Plaintiff filed her FAC on April 29, 2019, in which she once again named Cinemark as a defendant, and formally added Nicholas Stoner as a named Defendant. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the FAC is attached to the COE as **Exhibit C-7**.

According to the court docket, on June 4, 2019, Plaintiff filed with the Superior Court a Proof of Service of Summons on Mr. Stoner. The Proof of Service was not served on Defendant Cinemark at the time. According to the Proof of Service, on or about May 29, 2019, Plaintiff served the Summons and FAC on Defendant Stoner at his home in Rock Island, Tennessee.

On June 18, 2019, Plaintiff's counsel for the first time provided oral notice to Cinemark's counsel that Plaintiff served Mr. Stoner with the FAC at his domicile in Tennessee, although the FAC stated Plaintiff's belief that Mr. Stoner was a resident of California. (Declaration of Sonya Goodwin ("Goodwin Decl.") ¶ 2.) Cinemark's counsel retrieved a copy of the Proof of Service of Summons to Mr. Stoner from the court docket on July 9, 2019. (Goodwin Decl. ¶ 3.) Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Proof of Service of Summons is attached to the COE as **Exhibit C-17**.

Successive notices of removal are permitted when the second notice of removal is based on a "relevant change of circumstances," such as new facts not previously available, or "when the pleadings are amended to create federal subject-matter jurisdiction for the first time." *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015); *see also Sweet v. United Parcel Serv., Inc.*, No. CV09-02653 DDP

DEFENDANT CINEMARK USA, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

RZX, 2009 WL 1664644, at *5 (C.D. Cal. June 15, 2009) ("successive removal is appropriate here because Defendant's Second Notice of Removal was based on new information not previously available through this litigation").

As set forth more fully below, the Action is one which Cinemark may remove to this Court under 28 U.S.C. § 1441 because Cinemark has satisfied the procedural requirements and this Court has subject matter jurisdiction over the Action under 28 U.S.C. § 1332(a). There is complete diversity among all proper parties.

## I.

## DEFENDANT CINEMARK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

1. Plaintiff initially commenced the Action on September 28, 2018 when she filed her original Complaint against Cinemark. (*See* **Exhibit A-1**.)

2. Following Cinemark's removal of the Action to federal court, and the Court's subsequent remand back to state court, Plaintiff filed her FAC on April 29, 2019 in the Superior Court for the State of California, County of San Bernardino, naming Cinemark and Nicholas Stoner as Defendants. Plaintiff identified Mr. Stoner as a "California resident, believed to reside in Apple Valley, California in San Bernardino County, California."

3. According to the Court docket, on June 4, 2019, Plaintiff filed with the Superior Court a Proof of Service of Summons on Mr. Stoner. The Proof of Service was not served on Defendant Cinemark at the time. According to the Proof of Service, on or about May 29, 2019, Plaintiff served the Summons and FAC on Defendant Stoner at his home in Rock Island, Tennessee.

4. On June 18, 2019, Plaintiff's counsel for the first time provided oral notice to Cinemark's counsel that Plaintiff served the FAC on Mr. Stoner at his domicile in Tennessee. (Goodwin Decl. ¶ 2.) Cinemark's counsel retrieved a copy of the Proof of Service of Summons to Mr. Stoner from the court docket on July 9, 2019.

(Goodwin Decl. ¶ 3.)

5.  Under the removal statute, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, *or other paper from which it may first be ascertained that the case is one which is or has become removable.*" 28 U.S.C. § 1446(b)(3) (emphasis added).

6.  Because Cinemark filed this Notice of Removal within 30 days of receipt of a copy of the Proof of Service stating that Stoner was residing in, and served in, Tennessee, the Action is removable based on diversity of citizenship, the Notice of Removal is timely.[3]  *See* 28 U.S.C. § 1446(b)(3).

7.  Furthermore, because Cinemark filed the Notice of Removal within one year since Plaintiff commenced the Action in state court on September 28, 2018, the Notice of Removal is timely.  *See* 28 U.S.C. § 1446(c)(1).

8.  Venue lies in the United States District Court for the Central District of California – Eastern Division because Plaintiff filed the Action in this judicial district and it remains pending in this judicial district.  *See* 28 U.S.C. § 1441(a).

9.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant Cinemark are attached to the COE as follows:

   a. **Exhibit A** – State Court Filings Pre-Removal;
   b. **Exhibit B** – Federal Court Filings Post-Removal;
   c. **Exhibit C** – State Court Filings Post-Remand.

10. Pursuant to 28 U.S.C. § 1332(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, County of San Bernardino.

---

[3] Cinemark also files this notice of removal within thirty (30) days of receiving oral notice from Plaintiff's counsel that Stoner was served in Tennessee.

## II.

## REMOVAL IS PROPER BECAUSE THIS
## COURT HAS SUBJECT MATTER JURISDICTION

11. The Action is a civil action over which this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a). The Action is removable because there is complete diversity between the proper parties and the amount in controversy exceeds the jurisdictional minimum. Therefore, removal is proper under 28 U.S.C. § 1441.

12. Pursuant to *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S.Ct. 547, 553–54 (2014), defendant's notice of removal need include only a plausible allegation that the requirements for diversity jurisdiction exist and does not need to contain evidentiary submissions.

### A.     The Diversity Of Citizenship Requirement Is Satisfied.

13. **Plaintiff's Citizenship.** For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14. As set forth in the FAC, Plaintiff is a "resident of San Bernardino County, California." (FAC ¶ 2.) Plaintiff has lived in Apple Valley, California for the past 16 years. (Goodwin Decl. ¶ 6, Exh. D-1 (Kleine Depo. 19:9-13).) As such, Plaintiff is domiciled in, and for purposes of diversity jurisdiction is a citizen of, the State of California.

15. **Cinemark's Citizenship.** A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

where a corporation's high-level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which typically will be found at its corporate headquarters. *Hertz Corp.*, 559 U.S. at 92–93.

16. Cinemark is incorporated in the State of Texas with its principal place of business in Texas. (Declaration of Scott Green ("Green Decl.") ¶ 4.) Cinemark's headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in Plano, Texas. *Id.* Thus, Cinemark is a citizen of Texas, and not a citizen of California.

17. **Mr. Stoner's Citizenship.** For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor*, 704 F.2d at 1090. A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter*, 265 F.3d at 857.

18. Jurisdictional facts, including a defendant's citizenship, are assessed based on the facts "at the time of removal." *Arrellano v. XPO Logistics Port Servs., LLC*, No. CV 18-08220 SJO (E), 2019 WL 141459, at *3 (C.D. Cal. Jan. 9, 2019); *see also Goel v. Coal. Am. Holding Co. Inc*, No. CV 11-2349 GAF (EX), 2011 WL 13128299, at *5 (C.D. Cal. May 19, 2011) ("A court must look to the 'operative complaint at the time of removal' to determine whether it has removal jurisdiction"); 28 U.S.C. § 1446(b)(3).

19. Here, the operative complaint at the time of this removal is Plaintiff's First Amended Complaint.

20. At the time of this removal and when Plaintiff served the FAC on Mr. Stoner, he was (and is) a resident and citizen of Tennessee. (Goodwin Decl. ¶¶ 2, 4-5, **Exhibit C-17**.)

21. As such, Mr. Stoner is domiciled in, and for purposes of diversity jurisdiction is a citizen of, the State of Tennessee, despite Plaintiff's erroneous allegations in the FAC that he is domiciled in California. *See Hudson v. Bank of Am.*

6

DEFENDANT CINEMARK USA, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

1  *Corp.*, No. 3:17-cv-01479-CAB-(KSC), 2017 WL 5411123, at *4 (S.D. Cal. Nov. 14, 2017) (where the evidence showed that an individual defendant who was added through an amended complaint was a resident of Nevada at time of removal, and not California, the court held that "complete diversity of citizenship existed between the parties at the time of removal and continues to exist after the amendment of the complaint").

22. Because Plaintiff is a citizen of California and Mr. Stoner and Cinemark are <u>not</u> citizens of California, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

23. **Doe Defendants.** Although Plaintiff has also named defendants Does 1 through 10, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

24. In conclusion and as set forth above, complete diversity of citizenship exists under 28 U.S.C. § 1332, and removal is proper in this case pursuant to 28 U.S.C. § 1441.

### B. The Amount In Controversy Requirement Is Satisfied.

25. In her FAC, Plaintiff seeks compensatory and general damages; past and future lost income and benefits (i.e., back pay and front pay); emotional distress damages[4]; punitive damages; and attorneys' fees. (FAC Prayer ¶¶ 1-7.) As set forth below, Plaintiff's allegations establish that there is more than $75,000 at issue, exclusive of interest and costs.

26. Plaintiff's FAC does not specify the amount that she seeks to recover

---

[4] While Plaintiff does not expressly seek these damages in the Prayer for Relief, she includes them throughout her FAC. (*See, e.g.*, FAC ¶¶ 25, 32, 39, 45.)

7

DEFENDANT CINEMARK USA, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

from Defendants in this action. Where removal is based on diversity of citizenship and the complaint seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014).

27. In measuring the amount in controversy, the Court must assume that the allegations of the FAC are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in the FAC. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the FAC, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (*citing Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

28. Although Cinemark denies the validity and merit of all of Plaintiff's claims and allegations and denies that Plaintiff is entitled to any relief, Plaintiff's claims establish an amount "in controversy" in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below:

29. **Lost Earnings.** Plaintiff alleges she was constructively terminated from her position as shift leader on October 5, 2017. (FAC ¶¶ 9, 16-18.) At the time of her separation from Cinemark in October 2017, Plaintiff was working 25-35 hours per week and was earning $10.860 per hour. (Green Decl. ¶ 7.) Assuming Plaintiff worked on average 30 hours per week, Plaintiff had the potential to earn

approximately $16,941.60 per year[5], excluding overtime, and assuming Plaintiff can prove, as she claims, that she would have continued to work for Cinemark from the date of her alleged constructive termination to the present (a period of approximately 21.5 months), Plaintiff's claim for lost wages to date would equal approximately $30,353.70, not accounting for mitigation.[6]  *See Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *4 (C.D. Cal. May 30, 2014) (noting plaintiff's lost wages at time of removal were calculated by "establishing each Plaintiff's respective monthly incomes at the time of termination and multiplying that by twelve (the number of months between termination and removal)," which was relevant to finding that amount in controversy was satisfied).

30.  It is also reasonable to assume that Plaintiff will claim alleged lost wages from the present until the time of trial equal to at least $16,941.60, not accounting for mitigation. In *Garcia*, the court denied a plaintiff's motion to remand based in part on an estimate of the plaintiff's lost wages after the date of removal.  There, the court relied on a calculation of lost wages from the date of termination through removal, and held that "adding wages for the estimated time between removal and trial" was reasonable to establish the amount in controversy.  2014 WL 2468344, at *4; *see also Villa v. Majestic Terminal Servs. Inc.*, 2017 WL 4570759, at *2 (C.D. Cal. Oct. 12, 2017) ("Calculating back pay until the date of judgment is a "reasonable assumption[ ]"); *Harrod v. Bass Pro Outdoor World, L.L.C.*, 2018 WL 705541, at *2 (C.D. Cal. Feb. 5, 2018) (finding back pay "from the time of the unlawful adverse action until the date of judgment" was proper to establish the amount in controversy); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 (E.D. Cal. June 1, 2007) ("Beyond roughly $12,700 in lost wages already accrued at the time of removal, the amount in controversy in this action includes additional back pay accrued following

---

[5] Calculated as follows: $10.860/ hour x 30 hours/week x 52 weeks/year = $16,941.60.

[6] Calculated as follows: ($16,941.60/12 months) x 21.5 months = $30,353.70.

removal."). Here, Cinemark reasonably believes that Plaintiff will claim alleged back pay through trial of at least $47,295.30, not accounting for mitigation.[7]

31. Even if mitigation is accounted for, the amount in controversy still is met. According to Plaintiff, she has mitigated her damages by approximately $8,394.16.[8] (Goodwin Decl. ¶7, Exh. D-2 (Special Interrogatory Response No. 6).) Thus, accounting for the mitigated damages, her back pay through trial is approximately $38,900.84. If Plaintiff continues to mitigate her damages at the same level, her front pay claim would be equal to $23,483.20.[9]

32. If Plaintiff prevails on her claims, she may also recover future lost wages – which may be considered to satisfy the amount in controversy. *See Harrod*, 2018 WL 705541, at *2. In *Harrod*, the court found the defendant had satisfied the amount in controversy requirement because, beyond the $9,350 to $14,399 of back pay damages through the date of judgment, it included a "reasonable estimate of front pay" for the time after trial. *Id*. Cinemark reasonably believes that Plaintiff will claim at least two years of future lost earnings, which amounts to $33,883.20.[10]

33. **Emotional Distress Damages.** Plaintiff also alleges that she has suffered emotional distress damages. (*See, e.g.,* FAC ¶ 32.) Plaintiff's potential recovery of such damages further augments the foregoing amount and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v.*

---

[7] This is an estimate of lost wages through the date of trial, based on current alleged lost wages of $30,353.70 and additional alleged lost wages through an estimated trial date one year away of $16,941.60.
[8] Calculated as follows: $560 ($20/week x 28 weeks at DiNapoli's Fire House May 2018 – December 2018) + 800 ($100/week x 8 weeks at DiNapoli's Fire House December 2018 – February 2019) + $356.16 ($11.13/hour x 8 hours x 4 weeks at JC Penney November 2017 – December 2017) + $6,678 ($11.13/hour x 30 hours x 20 weeks at JC Penney December 2017 – May 2018) = $8,394.16.
[9] Calculated as follows: $33,883.20 ($10.860/ hour x 30 hours/week x 52 weeks/year x 2 years) - $10,400 ($100/week x 52 weeks x 2 years).
[10] Calculated as follows: $10.860/ hour x 30 hours/week x 52 weeks/year x 2 years = $33,883.20.

*Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy).

34. In *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980. Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least $25,000 to the amount in controversy.

35. **Punitive (Exemplary) Damages.** Plaintiff also seeks an award of punitive damages. (FAC Prayer ¶ 4.) "In determining the amount in controversy, the court must consider the amount of actual and punitive damages." *Nasiri v. Allstate Indem. Co.*, 41 Fed. Appx. 76, 77 (9th Cir. 2002); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (stating that "[i]t is well established that punitive damages are part of the amount in controversy in a civil action."). A single-digit ratio (i.e., no more than nine-to-one) is typically appropriate for an award of punitive damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

36. In a recent case alleging sexual harassment and constructive discharge, as Plaintiff alleges here, the jury awarded the plaintiff $125,000 in punitive damages. *See Joan A. v. Top Industrial Inc.*, BC571653, 2016 WL 7911666 (Los Angeles Sup. Ct., Oct. 28, 2016). Other cases involving allegations of sexual harassment have awarded even larger punitive damages awards. *See, e.g. Olivas-Dean v. American Meizhou Dongpo Group Inc.*, BC581538, 2017 WL 3531353 (Los Angeles Sup. Ct., Apr. 24, 2017) (awarding $250,000 in punitive damages in sexual harassment case). Copies of these verdicts are attached hereto as **Exhibit F**. Although Cinemark denies that Plaintiff will be able to recover any punitive damages against Defendants, it is reasonable to estimate that Plaintiff will seek at least $50,000 in punitive damages in

connection with her claims against Defendants, satisfying the amount in controversy requirement.

37. **Attorneys' Fees.** Plaintiff also seeks attorneys' fees (FAC Prayer ¶ 7), which may be awarded under the FEHA. *See* Cal. Gov't Code § 12965(b). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

38. Plaintiff's FAC alleges multiple violations of the FEHA, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

39. Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Id*. "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. 2015) (citations omitted). Thus, Plaintiff's demand for attorneys' fees adds at least $30,000 to the amount in controversy.

40. **Total Amount In Controversy.** Based on the foregoing, a preponderance of the evidence demonstrates that the amount in controversy

requirement is plainly met[11], and removal to this Court is proper under diversity of citizenship jurisdiction.

      WHEREFORE, Cinemark hereby removes this Action from the Superior Court of the State of California, County of San Bernardino, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED:  July 18, 2019                   **HUNTON ANDREWS KURTH LLP**

                                                By:  /s/ Emily Burkhardt Vicente
                                                   Emily Burkhardt Vicente
                                                   Sonya D. Goodwin
                                                   Attorneys for Defendant
                                                   CINEMARK USA, INC.

---

[11] Based on Cinemark's reasonable calculations, Plaintiff seeks: back pay, equal to at least $38,900.84 + front pay, equal to at least $23,483.20 + emotional distress damages, equal to at least $25,000 + punitive damages, equal to at least $50,000 + attorneys' fees, equal to at least $30,000, for a total amount in controversy of at least $167,384.04.

13

DEFENDANT CINEMARK USA, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is 50 California Street, Suite 1700, San Francisco, CA 94111.

On **July 18, 2019**, I served the following interested parties in this action with the foregoing document(s) described as:

**DEFENDANT CINEMARK USA, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**

☑ **By MAIL:** by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

| | |
|---|---|
| David P. Myers<br>Ann Hendrix<br>John M. Tomberlin, Jr.<br>THE MYERS LAW GROUP, A.P.C.<br>9327 Fairway View Place, Ste. 100<br>Rancho Cucamonga, CA 91730<br>Tel: 909.919.2027<br>Fax: 888.375.21.02 | Nicholas Stoner<br>779 Bone Cave Rd.<br>Rock Island, TN 38581<br><br>*Defendant, Pro Per* |

*Attorney for Plaintiff Madison Kleine*

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 18, 2019**, at San Francisco, California

_____
Jolie F. Ocampo

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

14

DEFENDANT CINEMARK USA, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)