# EXHIBIT D-2

David P. Myers (SBN 206137)
dmyers@myerslawgroup.com
Ann Hendrix (SBN 258285
ahendrix@myerslawgroup.com
John M. Tomberlin, Jr. (SBN 310435)
jtomberlin@myerslawgroup.com
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Madison Kleine

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON KLEINE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CINEMARK USA, INC., A Texas Coporation; CENTURY THEATRES, INC., a California Coporation; NICHOLAS STONER, an individual; And DOES 1 THROUGH 10 inclusive Defendants. | CASE NO: 5:18-cv-02425-DMG-SHK<br><br>Assigned to: *Hon. Dolly M. Gee*<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT CINEMARK USA, INC.'S SPECIAL INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:   CINEMARK USA, INC.
RESPONDING PARTY:    MADISON KLEINE
SET NUMBER:          ONE (1)

MADISON KLEINE ("Plaintiff" or "PLAINTIFF") hereby responds to CINEMARK USA, INC.'s Special Interrogatories, Set One:

---

## RESPONSES TO SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

Identify each **PERSON** who **YOU** believe may have knowledge of facts reasonably calculated to lead to the discovery of admissible evidence in this case, irrespective of whether **YOU** intend to rely upon their testimony or knowledge to support **YOUR** claims or defenses in this case. ("**PERSON**" hereinafter means natural persons and all private and governmental entities and organizations and their representatives and agents. "**IDENTIFY**" hereinafter means to give, to the extent known, the **PERSON'S** full name, present or last known address, now or last known place of employment, and present or last known home and business telephone numbers. If such information is not known to **YOU**, "**IDENTIFY**" shall mean to give sufficient information from which **DEFENDANT** can ascertain the identity and/or location of the **PERSON**. Once a **PERSON** has been identified in accordance with this definition, only the name of that **PERSON** need be listed in response to subsequent interrogatories requesting identification of that **PERSON**. "**YOU**" and "**YOUR**" hereinafter mean Plaintiff Madison Kleine and all others acting or purporting to act on her behalf.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 1**

Objection, seeks information protected from disclosure by attorney-client privilege or work-product. (...[N]otes or recorded statements taken by ...counsel [are] protected by the absolute work product privilege because they would reveal counsel's "impressions, conclusions, opinions, or legal research or theories" within the meaning of CCP §2018(c). *Nacht & Lewis Architects v. Superior Court*, 47 Cal.App. 4th 214, 217 (Cal.App.3rd Dist. 1996). Compelled production of a list of potential witnesses interviewed by opposing counsel would necessarily reflect counsel's evaluation of the case by revealing which witnesses or persons who claimed knowledge of the incident counsel deemed

important enough to interview. *Id.* Subject to and without waiving said objections:

1. Nicholas Stoner, Usher, Contact Information Unknown
2. Katherine Heartline, Manager, (760) 514-6500; 18226 Walnut St. Hesperia, CA 92345
3. Scott Green, General Manager; Contact Information Unknown;
4. Robert Furtado, Assistant Manager, (760) 987-7570;
5. Austin Hunt, Manager, (760) 628-5325;
6. Joshua Zapada; Assistant Manager; (760) 221-2957;
7. Tracy Shultz; Co-Worker; (951) 334-0613;
8. Lindsey O'Neill; co-worker; Contact Information Unknown;
9. Patty Ann Fiori; Senior Assistant; Contact Information Unknown;
10. Jennifer Simpson; Co-worker; (760) 927-7672;
11. Joshua Denisen, Boyfriend at time of employment; (760) 694-2269;
12. April Kleine; Mother; (760) 912-8586; and,
13. Doug Kleine; Father; (760) 912-5894.

**SPECIAL INTERROGATORY NO. 2:**

State the facts that **YOU** contend may be known by each **PERSON** listed in **YOUR** answer to Interrogatory No. 1 above.

**RESPONSE TO SPECIAL INTERROGATORY NO. 2**

Plaintiff was sexually harassed by Nicolas Stoner. Austin Hunt was the first person Plaintiff told about the harassment, witnessed the incidents of harassment, and noticed that her schedule had not been changed to reflect her request to no longer work with Stoner. After Hunt noticed Plaintiff's schedule had not been changed, he sent her home. Plaintiff requested her schedule change and filed complaints with Scott Green regarding the sexual harassment. Plaintiff complained to Robert Furtado about the sexual harassments and discussed the harassment over text messages with him.
PLAINTIFF'S RESPONSES TO DEFENDANT CINEMARK USA, INC.'S SPECIAL INTERROGATORIES, SET ONE

3

Ex. D-2
REMOVAL000528

Furtado instructed Plaintiff to speak with Patty Ann Fiori about the matter. Plaintiff then spoke with Patty Ann Fiori about the sexual harassment and she dismissed Plaintiff's complaints and stated, using words to the effect of, she did not care about Plaintiff's safety. Plaintiff also complained to Joshua Zapada.

Jennifer Simpson was also sexually harassed by Stoner; Plaintiff and she discussed the harassment they were facing. Plaintiff confided in her coworker Lindsey O'Neill about the harassment. Tracy Shultz notified Plaintiff of Stoner's termination and was there when the conversation between Plaintiff and Fiore happened, in which Fiore told Plaintiff she did not care about her safety.

Plaintiff's boyfriend at the time, Denisen, and her parents, April and Doug Kleine, know about harassment because Plaintiff shared the details with them. During Plaintiff's breaks, she would be in her car on the phone with Denisen while Stoner would circle her vehicle. Plaintiff would go home after a shift and share her emotional distress caused by the harassment with her parents.

**SPECIAL INTERROGATORY NO. 3:**

**IDENTIFY** all prior lawsuits, legal proceedings, and administrative agency proceedings (including but not limited to, claims for workers' compensation benefits, claims for unemployment insurance benefits, charges filed with the Equal Employment Opportunity Commission or California Department of Fair Employment and Housing, and/or any legal proceedings for damages, divorce, or bankruptcy) to which **YOU** have been a party, offered testimony (either at deposition or trial), or have otherwise been involved in, in the past ten (10) years. (For purposes of this interrogatory only, "**IDENTIFY**" means to provide the name of the lawsuit or proceeding, approximate date of the proceeding or when the lawsuit was pending, description of the subject

matter, description of **YOUR** involvement, the file or case number, and the final judgement or determination, if any.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 3**

Objection, overbroad in scope and time. Subject to and without waiving said objections:

None.

**SPECIAL INTERROGATORY NO. 4:**

**IDENTIFY** all **PERSONS**, including, but not limited to, employees and former employees of **DEFENDANT**, to whom **YOU** have spoken or otherwise communicated regarding any of the allegations in the **COMPLAINT**. ("**DEFENDANT**" hereinafter refers to Cinemark USA, Inc.. For purposes of this interrogatory only, "**COMPLAINT**" refers to the Complaint filed in this action on behalf of Plaintiff Madison Kleine on September 28, 2018, and any subsequently filed amendments thereto.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 4**

Objection, seeks information protected from disclosure by attorney-client privilege or work-product. (...[N]otes or recorded statements taken by ...counsel [are] protected by the absolute work product privilege because they would reveal counsel's "impressions, conclusions, opinions, or legal research or theories" within the meaning of CCP §2018(c). *Nacht & Lewis Architects v. Superior Court*, 47 Cal. App. 4th 214, 217 (Cal. App. 3d Dist. 1996.) Compelled production of a potential witnesses list interviewed by opposing counsel would necessarily reflect counsel's evaluation of the case by revealing which persons who claimed knowledge of the incident counsel deemed important enough to interview. *Id.* Subject to and without waiving said objections:

1. Nicholas Stoner, Usher, Contact Information Unknown
2. Katherine Heartline, Manager, (760) 514-6500; 18226 Walnut St. Hesperia, CA 92345

3. Scott Green, General Manager; Contact Information Unknown;
4. Robert Furtado, Assistant Manager, (760) 987-7570;
5. Austin Hunt, Manager, (760) 628-5325;
6. Joshua Zapada; Assistant Manager; (760) 221-2957;
7. Tracy Shultz; Co-Worker; (951) 334-0613;
8. Lindsey O'Neill; co-worker; Contact Information Unknown;
9. Patty Ann Fiori; Senior Assistant; Contact Information Unknown;
10. Jennifer Simpson; Co-worker; (760) 927-7672;
11. Joshua Denisen, Boyfriend at time of employment; (760) 694-2269;
12. April Kleine; Mother; (760) 912-8586; and,
13. Doug Kleine; Father; (760) 912-5894.

**SPECIAL INTERROGATORY NO. 5:**

With respect to the allegations in the **COMPLAINT** that **YOU** are entitled to damages, identify each type of damages **YOU** claim **DEFENDANT** caused **YOU** and for which you seek to recover in this lawsuit, and for each type of damages please state the amount of damages sought and the basis for that calculation. (For purposes of this interrogatory only, "**COMPLAINT**" refers to the Complaint filed in this action on behalf of Plaintiff Madison Kleine on September 28, 2018.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 5**

Objection, seeks information protected from disclosure by attorney-client privilege or work-product. (...[N]otes or recorded statements taken by ...counsel [are] protected by the absolute work product privilege because they would reveal counsel's "impressions, conclusions, opinions, or legal research or theories" within the meaning of CCP §2018(c). See *Nacht* and discussion in Interrogatory response 4. Objection, seeks information violating Plaintiff's constitutional, statutory or common law privacy interest in her private medical information. *Hill v. National Collegiate Athletic Assn.*, 7 Cal. 4th 1 (1994); *Britt*

*v. Superior Court*, 20 Cal. 3d 844, 849 (1978). Objection, seeks information constituting an invasion of privacy protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Subject to and without waiving said objections:

As a result of the sexual harassment Plaintiff suffered emotional distress. Plaintiff suffered from stress, anxiety, humiliation, embarrassment and loss of sleep. Plaintiff lost sleep due to being scheduled with Stoner and having to work in a hostile work environment. She would sit in her car crying due to the sexual harassment and felt embarrassed because her complaints were not taken serious. The emotional distress, embarrassment, and humiliation are ongoing.

Plaintiff also suffered financial damages. Plaintiff was working about 30-40 hours a week earning about $11.74 an hour, totaling approximately $1200 a month. Plaintiff has found employment since her forced resignation.

**SPECIAL INTERROGATORY NO. 6:**

**IDENTIFY** each and every source of income **YOU** have received from October 5, 2017 to now, including, but not limited to, salary, tips, wages, income from self-employment, workers' compensation payments, unemployment insurance payments, severance payments, payments for sick or vacation leave, disability payments, welfare benefit payments, Medicare benefits, or Social Security benefits. (For purposes of this interrogatory only, "**IDENTIFY**" means to provide the name of the source, amount of income **YOU** received from each identified source, and approximate date(s) when **YOU** received the income.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 6**

Objection, seeks information protected from disclosure by attorney-client privilege or work-product. Objection, seeks information violating Plaintiff's constitutional, statutory or common law privacy interest or third parties in

private employment information. *Board of Trustees v. Superior Court* 119 Cal.App.3d 528 (1981). Objection, compound and Plaintiff possesses a "tax return privilege," as a California citizen and is protected from turning over tax returns and related documents in the course of litigation. *Save-On Drugs v. Super. Ct.*, 15 Cal.3d 1, 6 (1975). Subject to and without waiving said objections:

From December 2018 to the week of February 19, 2019, Plaintiff worked as a waitress at Di Napoli's Fire House in Apple Valley, CA. Plaintiff earned minimum wage plus tips, which averaged to approximately $100 per week. Plaintiff worked approximately 18 hours per week. Prior to becoming a waitress at Di Napoli's Firehouse in December 2018, she worked as a hostess there from May 2018 to December 2018, earning minimum wage plus tips, which averaged approximately $20 a week. As of the week of February 19, 2019, Plaintiff has returned to her prior position as a hostess with the same pay she previously earned.

From November 2017 to December 2017, Plaintiff worked as a seasonal sales associate at JCPenney and from December 2017 to May 2018, Plaintiff was full-time. Plaintiff earned about $11.13 an hour working approximately eights hours a week.

For Defendant, Plaintiff worked approximately 30-40 hours per week earning $11.74 an hour. Plaintiff was earning approximately $1200 per month.

**SPECIAL INTERROGATORY NO. 7:**

**IDENTIFY** all jobs **YOU** have sought since July 1, 2017. (For purposes of this interrogatory only, **"IDENTIFY"** means to provide the position sought; the date of each contact or application; the name and address of the employer or agency; the name of any person who interviewed **YOU**; whether **YOU** were offered a position; the terms of any offer, including salary and benefits; and **YOUR** response to the offer.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 7**

Objection, seeks information violating Plaintiff's constitutional, statutory or common law privacy interest or third parties in private employment information. *Board of Trustees v. Superior Court* 119 Cal.App.3d 528 (1981). Subject to and without waiving said objections:

Following her employment with Defendant, Plaintiff worked at JCPenney; 14370 Bear Valley Rd. Victorville, CA 92392; (760) 241-3111; from approximately November 2017 to May 2018. Plaintiff then began her employment at Di Napoli's Fire House; 17856 CA-18 Apple Valley, CA 92307; (760) 242-5802; from May 2018 to now.

**SPECIAL INTERROGATORY NO. 8:**

**IDENTIFY** all employers for whom **YOU** have worked and any other places where **YOU** have worked since October 5, 2017. (For purposes of this interrogatory only, "**IDENTIFY**" means to provide the name and address of the employer or other place where **YOU** have worked, position held, hire date, and termination date.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 8**

Objection, seeks information violating Plaintiff's constitutional, statutory or common law privacy interest or third parties in private employment information. *Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 528. Subject to and without waiving said objections:

Following her employment with Defendant, Plaintiff worked at JCPenney; 14370 Bear Valley Rd. Victorville, CA 92392; (760) 241-3111; from approximately November 2017 to May 2018. Plaintiff then began her employment at Di Napoli's Fire House; 17856 CA-18 Apple Valley, CA 92307; (760) 242-5802; from May 2018 to now.

///

///

**SPECIAL INTERROGATORY NO. 9:**

 **IDENTIFY** all medical providers, including, but not limited to, medical facilities, doctors, nurses, chiropractors, therapists, psychologists, counselors and other health care professionals, from whom **YOU** have sought any type of treatment in the past five (5) years, including, but not limited to, any medical provider(s) **YOU** have seen or are seeing purportedly as a result of **DEFENDANT's** alleged conduct. (For purposes of this interrogatory only, "**IDENTIFY**" means to provide the name and address of the medical provider and the type of treatment sought.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 9**

 Objection, overbroad in scope and time and not reasonably calculated to lead to the discovery of admissible evidence, and offered solely to harass – all medical treatment over the last five years is an absurd request for Plaintiff having been sexually harassed. See also Plaintiff's constitutional, statutory or common law privacy interest in private medical information. *Hill* and *Britt*. And in an invasion of Plaintiff's HIPPA rights. Subject to and without waiving said objections :

 Plaintiff has treated with Dr. Dale Alexander at Desert Behavioral Health; 16195 Siskiyou Rd. Apple Valley, CA 92307; (760) 946-2070 and discussed the events alleged in her complaint in medical therapy sessions.

**SPECIAL INTERROGATORY NO. 10:**

 **IDENTIFY** each social networking site or application (including, but not limited to, Facebook, Twitter, Linkedin, MySpace, Instagram, Snapchat) with which **YOU** have or have had an account between June 1, 2017 and now. (For purposes of this interrogatory only, "**IDENTIFY**" means to state the name of each social networking site, the username or screen name **YOU** use or have used for each social networking site **YOU** identify, and a URL to any profile or

account **YOU** have used or created for each social networking site **YOU** identify.)

**RESPONSE TO SPECIAL INTERROGATORY NO. 10**

  Objection, overbroad in scope and time, not reasonably calculated to lead to the discovery of admissible evidence, and seeks only to harass Plaintiff. In an effort to provide Defendant with the bounds of any relevant information, Plaintiff has never posted on social media about the events in her complaint or the conditions of her employment with Defendant.

Dated: February 22, 2019      Respectfully Submitted

                **THE MYERS LAW GROUP, A.P.C.**

                By: _/s/ John Tomberlin_
                  David P. Myers
                  Ann Hendrix
                  John M. Tomberlin
                  Attorneys for Madison Kleine

<u>Kleine v. Cinemark USA, Inc. et al.</u>
CASE NO: 5:18-cv-02425-DMG-SHK

# VERIFICATION

I am a party to this action. I have read the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT CINEMARK USA, INC.'S SPECIAL INTERROGATORIES, SET ONE.** The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I certify and declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___2-20-19___ at

(date)

___Rancho Cucamonga, CA___

(City, State)

___/s/ Madison Kleine___

Madison Kleine

THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

VERIFICATION
- 1 -

Ex. D-2
REMOVAL000537

Madison v. Cinemark USA, Inc., et al
CASE NO: 5:18-cv-02425-DMG-SHK

## PROOF OF SERVICE

I am employed in the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within action; my business address is 9327 Fairway View Place, Suite 100, Rancho Cucamonga, CA 91730.

On February 22, 2019, I served the foregoing document described as **PLAINTIFF'S RESPONSES TO DEFENDANT CINEMARK USA, INC.'S SPECIAL INTERROGATORIES, SET ONE** by serving interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

Sonya Goodwin, Esq.
Emily Burkhardt Vicente, Esq.
HUNTON ANDREWS KURTH, LLP
550 South Hope St., Suite 2000
Los Angeles, CA 90071

I am "readily familiar" with the firm's practice of services of process. Under that practice, this document would be deposited:

_____ **(BY FACSIMILIE)** I faxed the document(s) to the person(s) at the fax number(s) listed above. I did not receive any electronic message or indication that the transmission was unsuccessful.

\_\_X\_\_ **(BY MAIL):** with U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

_____ **(BY UPS)** Overnight Delivery with the envelope placed in or with a facility maintained by the overnight delivery carrier with fees paid for or provided for.

_____ **(BY PERSONAL SERVICE)** I caused such envelope(s) to be personally served by messenger to the above addresses(s)

_____ **(BY EMAIL)** I caused the document(s) to be sent to the person(s) at the electronic address(es) listed above. I did not receive any electronic message or indication that the transmission was unsuccessful.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed February 22, 2019 at Rancho Cucamonga, California.

Tiffany Montero